791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MANLEY D. DUNBAR, Plaintiff-Appellant,
v.
CUYAHOGA METROPOLITAN HOUSING AUTHORITY; GEORGE JAMES,
INDIVIDUALLY AND AS EXECUTIVE DIRECTOR OF THE CUYAHOGA
METROPOLITAN HOUSING AUTHORITY; PETER M. ISKIN, ISABELLE
HENDRICKS, NORMAN KRUMHOLZ, MARIE CHILDRESS AND ADELINE
TURNER, INDIVIDUALLY AND AS A BOARD MEMBER OF CUYAHOGA
METROPOLITAN HOUSING AUTHORITY, Defendants-Appellees.
 84-3840
 United States Court of Appeals, Sixth Circuit.
 4/21/86
 
 VACATED AND REMANDED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: MILBURN and RYAN, Circuit Judges; and WILHOIT, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order granting summary judgment for defendants in this civil rights action under 42 U.S.C. Sec. 1983. The grant of summary judgment was based on the principles of Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981), and Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S. Ct. 125 (1984). On appeal plaintiff argues that the district court erred in its application of these principles. For the reasons that follow, we vacate and remand.
 
 I.
 
 2
 Plaintiff was employed by the Cuyahoga Metropolitan Housing Authority ('CMHA') as director of the Section 8 Subsidized Rent Program. In January 1983, plaintiff was suspended from his position by the executive director of CMHA, pending an investigation into alleged misconduct. A hearing was conducted on March 30, 1983, and, over plaintiff's objections, a staff attorney of CMHA served as the hearing examiner. The hearing examiner issued his written report on April 8, 1983. In his report the hearing examiner concluded that the allegations against plaintiff were substantially true and 'provide[d] just cause for suspension or discharge.' App. at 49. On April 22, 1983, plaintiff's employment with CMHA was terminated.
 
 
 3
 On April 29, 1983, plaintiff filed the instant civil rights action under 42 U.S.C. Sec. 1983. Plaintiff alleged that he had been denied his property interest in continued employment with CMHA without due process of law. Plaintiff's allegation that he had been denied due process revolved around the appointment of the CMHA staff attorney as hearing officer. Plaintiff further alleged that this hearing officer was biased, but he did not allege the inadequacy of state remedies available to him.
 
 
 4
 Defendants subsequently filed motions to dismiss for failure to state a claim and for summary judgment. In an order entered August 30, 1984, the district court held that plaintiff had an adequate state process and remedy; viz., a right under Ohio law 'to appeal his termination to the Common Pleas Court pursuant to Ohio Rev. Code Sec. 2506.01.' Relying on Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981), and Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S. Ct. 125 (1984), the district court granted the motion for summary judgment.
 
 II.
 
 5
 In the instant case defendants have not disputed that plaintiff had a property interest in continued employment with CMHA. With few exceptions, the Due Process Clause requires that the state provide a hearing prior to initially depriving an individual of a property interest. One such exception was announced in Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981). In Parratt, the Supreme Court held that the Due Process Clause does not mandate a pre-deprivation hearing when the state conduct at issue is random and unauthorized. 'In such a case,' the Parratt Court noted, 'the loss is not a result of some established state procedure and the State cannot predict precisely when the loss will occur. [The Court added that] [i]t is difficult to conceive how the State could provide a meaningful hearing before the deprivation taken place.' Parratt, 451 U.S. at 541, 101 S. Ct. at 1916. In cases challenging random and unauthorized acts of state officials, the Supreme Court concluded that the Due Process Clause is not violated so long as adequate post-deprivation remedies are available under state law. Thus, in cases involving 'misconduct of state officers,' Vicory, 721 F.2d at 1064, and 'claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.' Vicory, 721 F.2d at 1066.
 
 
 6
 On the other hand, the adequacy of post-deprivation remedies available under state law need not be pleaded or proved when, through an 'established state procedure,' 'the state system itself . . . destroys a complainant's property interest . . ..' Logan v. Zimmerman Brush Co., 455 U.S. 422, 436, 102 S. Ct. 1148, 1158 (1982). 'The holding in Parratt . . . applies only where . . . a pre-deprivation hearing was 'impracticable' or 'impossible." Stachura v. Truszkowski, 763 F.2d 211, 215 (6th Cir.) (emphasis added), cert. granted, 106 S. Ct. 245 (1985). In the instant case, plaintiff was given a hearing prior to his discharge. Plaintiff, however, asserts that this hearing did not comport with due process requirements because, he argues, the hearing officer was biased. Thus, as in Logan, it is the 'state system itself' which plaintiff attacks. Since plaintiff is attacking the state system, i.e., the adequacy of the hearing provided, and not a random and unauthorized act where no pre-deprivation hearing was afforded, Parratt and Vicory are inapplicable.
 
 III.
 
 7
 The judgment of the district court is vacated, and this cause is REMANDED for further proceedings consistent with this opinion. We express no opinion on any issue not addressed herein and intimate no view on the merits of the plaintiff's claim.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., Judge, United States District Court for the Eastern District of Kentucky, sitting by designation